IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel.
NATIONAL EDUCATION
ASSOCIATION OF NEW MEXICO, INC.,

    Plaintiff,

v.

AUSTIN CAPITAL MANAGEMENT
LTD., KEYCORP, and VICTORY
CAPITAL MANAGEMENT, INC.,

    Defendants.

Case No.:

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441 *et seq.*, defendants Austin Capital Management, Ltd. ("Austin Capital"), KeyCorp, and Victory Capital Management, Inc. ("Victory"), without waiving any defenses they may have, hereby remove this civil action from the First Judicial District Court, County of Santa Fe, State of New Mexico to the United States District Court for the District of New Mexico. In support of this Notice, defendants state as follows:

    1.    On August 2, 2011, the National Education Association of New Mexico, Inc. (the "Association") commenced this action as Case No. D-0101-CV-2010-3863 in the First Judicial District Court for the County of Santa Fe, State of New Mexico by filing a "First Amended Complaint Against the KeyCorp Defendants for Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Negligence and Punitive Damages" (the "Complaint"). In accordance

with 28 U.S.C. § 1446(a), a true and correct copy of the docket and all process, pleadings, and orders served upon defendants in the state action is attached hereto as Exhibit A.

## THE NOTICE OF REMOVAL IS TIMELY; ALL DEFENDANTS CONSENT TO REMOVAL

2. The Association served Austin Capital, KeyCorp, and Victory with the Complaint on August 4, 2011. This Notice of Removal is, therefore, timely under 28 U.S.C. § 1446(b), as it is filed within thirty days after service by the Association to defendants of a copy of the Association's initial pleading setting forth the alleged claim for relief upon which the action is based.

3. All defendants are joining in this notice of removal and consent to removal.

## JURISDICTION AND BASIS OF REMOVAL

**A.     There Is Complete Diversity Among The Parties To This Action.**

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 based on diversity of citizenship and the requisite amount in controversy.

5. The Complaint describes the Association as a New Mexico domestic nonprofit corporation with its principal place of business at 2007 Botulph Road, Santa Fe, New Mexico. (Compl. ¶ 8.) The Association is a citizen of New Mexico. (*Id.*) The Association is the sole party plaintiff.

6. The Association alleges that the defendants' conduct "actually injured" its members by "causing losses (via the [Educational Retirement Board]) to their retirement accounts and by impairing (via the [State Investment Council]) the financial health of the public

education system and higher educational system" where Association employees work. (Compl. ¶ 9.)

7.  Defendant Austin Capital is a Texas limited partnership with its principal place of business at 127 Public Square, Cleveland, Ohio 44114. (Compl. ¶ 10.) Austin Capital manages investment funds of hedge funds. (*Id.*) Austin Capital is not a citizen of New Mexico.

8.  The sole general partner of Austin Capital is Austin Capital Management GP Corp. The sole limited partner of Austin Capital is KeyCorp. (*See* Compl. ¶ 11.) There are no other general or limited partners in Austin Capital. No other entity or individual holds an ownership interest in Austin Capital.

9.  Austin Capital Management GP Corporation is a Texas corporation with its principal place of business in Austin, Texas. Austin Capital Management GP Corporation is not a citizen of New Mexico.

10. Defendant KeyCorp is an Ohio corporation with its principal place of business at 127 Public Square, Cleveland, Ohio 44114. (Compl. ¶ 11.) KeyCorp is not a citizen of New Mexico.

11. Defendant Victory is a New York corporation with its principal place of business at 127 Public Square, Cleveland, Ohio 44114. (Compl. ¶ 12.) Victory is not a citizen of New Mexico.

12. Thus, complete diversity of citizenship exists between the Association, the sole party plaintiff, and the defendants because: (a) the Association is a New Mexico citizen; (b) the Association is a real party in interest; (c) neither defendant Austin Capital nor its general partner nor its limited partner is a citizen of New Mexico; (d) defendant KeyCorp is not a citizen of New

Mexico; (e) defendant Victory is not a citizen of New Mexico; and (f) as explained below, the amount in controversy exceeds the statutory minimum.

### B. The Citizenship Of Non-Parties Does Not Impact The Diversity Of The Parties To This Action.

13. The Association disavows that it is proceeding as a *qui tam* plaintiff on behalf of the State of New Mexico pursuant to the New Mexico Fraud Against Taxpayers Act ("FATA"), NMSA 1978 §§ 44-9-1 *et seq.* (2007). (Compl. ¶ 19.) Thus, the State of New Mexico is not a party to this action under that statute.

14. The Association purports to be asserting common-law claims on behalf of the Educational Retirement Board ("ERB") and the State Investment Council ("SIC"), which the Complaint alleges to be agencies of the state of New Mexico. The Association describes the ERB as an agency of New Mexico responsible for investing the retirement assets of New Mexico school employees (Compl. ¶ 6), and the SIC as an agency of New Mexico responsible for investing the Land Grant Permanent Fund, the Severance Tax Permanent Fund, the Tobacco Settlement Permanent Fund, and other funds (Compl. ¶ 7).

15. Neither the ERB nor the SIC is a party to this action simply by virtue of the allegation that they may have an interest in the outcome of the litigation. *E.g.*, *United States ex rel. Eisenstein v. City of New York*, 129 S. Ct. 2230, 2234 (2009) ("A 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.' An individual may also become a 'party' to a lawsuit by intervening in the action.") (quoting Black's Law Dictionary 1154 (8th ed. 2004)); *id.* (citing Black's Law Dictionary's definition of "intervention" as "[t]he legal procedure by which ... a third party is allowed to become a party to the litigation")).

16. Neither the ERB nor the SIC is a party to this action by virtue of the fact that the Association purports to list their names in the extended caption on the first page of the Association's Complaint. *E.g.*, *Eisenstein*, 129 S. Ct. at 2235-36 ("A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action.") (citing 5A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1321 (3d ed. 2004) ("[T]he caption is not determinative as to the identity of the parties to the action")); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (citizenship of merely nominal or formal parties must be disregarded for diversity-jurisdiction purposes).

17. Where the actual, named parties to an action are real parties in interest (like the Association, Austin Capital, KeyCorp, and Victory) and are diverse, the citizenship of strangers to the action—including non-parties who may have an interest in the outcome of the litigation—has no impact on diversity jurisdiction. *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 93 (2005) (a federal court has "no warrant . . . to inquire whether some other person might have been joined as an additional or substitute defendant"); *id.* ("if named party's interest is real, the fact that other interested parties are not joined 'will not affect the jurisdiction of the [federal courts]'") (quoting *Little v. Giles*, 118 U.S. 596, 603 (1886)); *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 194 (2d Cir. 2003) (courts "regularly exercise diversity jurisdiction in cases where non-diverse individuals or groups who are not direct parties to the litigation nevertheless have a crucial interest in its outcome").

18. In the alternative, to the extent the ERB and SIC may be deemed parties to this action—which they are not—they are fraudulently joined parties whose presence should be disregarded for purposes of assessing diversity. There is no authority under New Mexico law for

the Association to assert common-law claims on behalf of the ERB or the SIC. *See State ex rel. Coll v. Johnson*, 1999-NMSC-036, ¶ 25, 128 N.M. 154, 162, 990 P.2d 1277, 1285 (1999) (concluding that plaintiffs lacked standing to assert contract-related claims on behalf of the state; observing that "the Attorney General can well represent the state on the foregoing claims raised by Plaintiffs, in her discretion"). The only authority under New Mexico law for a private person to bring *qui tam* claims on behalf of the state or a state agency is the FATA. The FATA authorizes a *qui tam* plaintiff to bring claims only for violation of that statute; it does not authorize any other claims. NMSA 1978 § 44-9-5(A) (2007). The Complaint, however, expressly disavows any intention to proceed under the FATA. (Compl. ¶ 19.) *See, e.g., United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 451-52 (S.D.N.Y. 2001) (dismissing *qui tam* relator's common-law claims for lack of standing); *Morgan ex rel. United States v. Science Applications Int'l Corp.*, No. 07-cv-4612, 2008 WL 2566747, at *3 (S.D.N.Y. June 26, 2008) ("The Congressional grant of private standing to sue in FCA cases does not extend to common law causes of action"; applying functionally identical federal False Claims Act); *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 14 (D.D.C. 2003) ("A relator in a *qui tam* FCA action does not have standing to assert common law claims based upon injury sustained by the United States."), *aff'd sub nom. Rockefeller ex rel. United States v. Washington TRU Solutions, LCC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004); *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp. 2d 141, 149 (D. Mass. 2000) (holding that relator lacks standing to bring common-law claims of fraud, payment under mistake of fact, and unjust enrichment).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

19. The amount in controversy well exceeds the sum of $75,000, exclusive of interest and costs, that 28 U.S.C. § 1332(a) requires. In its Complaint, the Association seeks to recover alleged damages of "approximately $25 million." (Compl. ¶ 4.) In addition, the Association seeks punitive damages. (Compl. ¶ 97.)

## THIS DISTRICT AND DIVISION ARE PROPER FOR REMOVAL JURISDICTION

20. Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the District of New Mexico, Santa Fe Division is the appropriate court for removal jurisdiction in this action because it is within the same district and division as the First Judicial District Court, County of Santa Fe, State of New Mexico. Removal jurisdiction is appropriate under 28 U.S.C. § 1446(a), but defendants do not waive their right to object to the appropriateness of the District of New Mexico as the forum for a determination of the merits of this action.

21. Pursuant to 28 U.S.C. § 1446(d), a true copy of this Notice of Removal has been filed with the Clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, and served, along with a written notice, on plaintiff through its counsel of record.

22. This case is related to several other federal cases that are the subject of a multi-district litigation ("MDL") proceeding that is pending in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1407. The ERB is a party plaintiff in the MDL, and is suing on the same fiduciary-duty and negligence claims there that the Association purports to assert on the ERB's behalf in the Complaint here. As reflected in the Tag-Along Notice that is being filed separately with this Court, this action is related to five other actions against Austin Capital currently pending in the MDL proceeding for coordinated or consolidated

pretrial proceedings. *See In re Austin Capital Management, Ltd. Securities and Employee Retirement Income Securities Act (ERISA) Litigation*, MDL No. 2075.[1]

23. Austin Capital, KeyCorp, and Victory reserve the right to amend or supplement this Notice of Removal or to present additional argument in support of removal. Further, by filing this Notice of Removal, Austin Capital, KeyCorp, and Victory intend no admission of fact, law or liability, and all defenses and motions are hereby reserved.

Dated: September 6, 2011                     Respectfully submitted,

                                             /s/ David J. Cunningham
OF COUNSEL:                                  David Cunningham
                                             Thompson Hickey Cunningham Clow & April, PA
Richard J. Bedell, Jr. (OH 0038891)          460 St. Michael's Drive, Suite 1103
rjbedell@jonesday.com                        Santa Fe, NM  87505
Geoffrey J. Ritts (OH 0062603)
gjritts@jonesday.com
JONES DAY                                    *Attorney for Defendants*
North Point                                  *Austin Capital Management, Ltd., KeyCorp, and*
901 Lakeside Avenue                          *Victory Capital Management, Inc.*
Cleveland, OH  44114-1190
Telephone:    (216) 586-3939
Facsimile:    (216) 579-0212

---

[1] The MDL plaintiffs, including the ERB, filed their consolidated second amended class action complaint on December 10, 2010. *In re Austin Capital Management, Ltd. Securities and Employee Retirement Income Securities Act (ERISA) Litigation*, Case No. 1:09-MD-2075-TPG, Docket Index # 51 (S.D.N.Y.).

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2011 a true and correct copy of the foregoing document was served on the following known counsel via U.S. Mail:

Jerry Wertheim
John Wentworth
Jerry Todd Wertheim
John V. Wertheim
Roxie P. Rawls-De Santiago
Jones, Snead, Wertheim & Wentworth, P.A.
P.O. Box 2228
Santa Fe, New Mexico 87504-2228
(505) 982-0011

Laura Pazin-Porter
Tom Rhodes Law Firm
126 Villita
San Antonio, Texas 78205
(210) 225-5251

David Cunningham
One of the attorneys for Defendants
Austin Capital Management, Ltd., KeyCorp,
and Victory Capital Management, Inc.